CHERRY *v.* OVERMAN.

4-3978

Opinion delivered June 17, 1935.

*Joseph Brooks* and *Robert J. Oliver,* for appellant.

*Verne McMillen, Ed I. McKinley, Jr.,* and *Carl F. J. Jaggers,* for appellee.

HUMPHREYS, J. Appellant brought this suit to enjoin appellees from issuing interest-bearing bonds in the sum of $50,000 to liquidate an indebtedness incurred by the city of Little Rock between October 7, 1924, and December 7, 1924, which was a valid, subsisting indebtedness of said city on the latter date.

It is alleged that, pursuant to and in conformity with amendment No. 10 to the Constitution of the State of Arkansas, the city of Little Rock issued interest-bearing bonds in the sum of $1,910,000 to retire its existing indebtedness on October 7, 1924, and that the maximum amount of three mills authorized by said amendment was levied on the taxable property of said city to pay the principal and interest of said bonds as they mature, but that the revenue derived and to be derived from said three-mill levy is not sufficient to meet the maturities of said bond issue.

It is also alleged that on May 13, 1935, the city council of Little Rock enacted ordinance No. 5238, which stated that, through a misunderstanding as to when amendment No. 10 to the Constitution became effective, the bond issue of May 12, 1925, funded only the indebtedness which had accrued to October 7, 1924, and failed to

fund the indebtedness of the city accruing between October 7, 1924, and December 7, 1924.

A demurrer was filed to the complaint by appellees, which was sustained by the court, and, appellant refusing to plead further and standing upon his complaint, same was dismissed by the court, from which is this appeal.

The only question arising on this appeal is whether the city may issue interest-bearing bonds to retire its valid, subsisting indebtedness which accrued between October 7, 1924, and December 7, 1924, under amendment No. 10 to the Constitution and under Enabling Act 210 of the Acts of 1925, after having issued $1,910,000 in interest-bearing bonds to fund its valid, subsisting indebtedness on October 7, 1924, and after having levied a three-mill tax on the taxable property of said city to meet the maturities of said bond issue. It is admitted by the demurrer that the revenue derived and to be derived from the three-mill levy will not be sufficient to pay the interest and principal as it matures on the bonds already issued. In other words, that the three-mill levy will be more than absorbed in meeting the maturities of the bond issue of $1,910,000. Amendment No. 10 to the Constitution contains the following provision:

"Provided, however, to secure funds to pay indebtedness outstanding at the time of the adoption of this amendment, counties, cities and incorporated towns may issue interest-bearing certificates of indebtedness or bonds with interest coupons for the payment of which a county or city tax, in addition to that now authorized, not exceeding three mills, may be levied for the time as provided by law, until such indebtedness is paid."

The Enabling Act of amendment No. 10 provides: "Before or after the issue of said bonds * * * the city council of such city shall levy a tax, which on the existing assessed value of the property of such city will suffice to retire said bonds as they mature, with five (5) per cent. added for unforseen contingencies, nor shall any tax in excess of the three mills on the assessed value existing at the time of such levy ever be levied in any year. The money derived from such taxes shall be pre-

served as a separate fund for the redemption of such bonds.''

Prior to the adoption of amendment No. 10 to the Constitution cities were prohibited from issuing interest-bearing evidences of indebtedness. Their only authority therefore to issue interest-bearing bonds must be found in this amendment. Although the authority is granted to them under said amendment to issue interest-bearing bonds to fund all their outstanding, valid and subsisting debts on December 7, 1924, yet the bond issue must be made on such a basis that the three-mill levy on the taxable property therein will meet and pay all maturities. This court said in the case of *Hagler* v. *Arkansas County*, 176 Ark. 115, 2 S. W. (2d) 5, that: ''The plain mandate of the Constitution as amended was to authorize the counties to get out of debt and to stay out of debt. And it is apparent that the only way that many of them can do this is to take up all indebtedness existing at the time amendment No. 10 to the Constitution of Arkansas became effective, by a bond issue, to be retired by the levying of a tax not to exceed three mills for this purpose in addition to the general county levy for county purposes.''

Appellees cite and rely upon the case of *Caskey* v. *Holmes*, 190 Ark. 183, 77 S. W. (2d) 971, as supporting their contention that, where a mistake of law or fact was made in ascertaining the amount of the outstanding, valid, subsisting indebtedness against a city on December 7, 1924, and bonds insufficient in amount to pay the entire indebtedness as of that date are issued, an additional bond issue for the deficiency might be issued under amendment No. 10 to the Constitution. It was so held in that case, on the assumption, of course, that the three-mill maximum levy authorized by the amendment and enabling act would be sufficient to meet the maturities of the entire bond issue. In the instant case, no such presumption can be indulged, for it is admitted that the maximum annual levy of three mills authorized by the amendment and enabling act has been and will be more than absorbed to meet and pay the maturities of the bond issue of $1,-910,000 already issued and sold. No part of the maximum

three-mill tax already levied and to be levied annually on the taxable property of Little Rock can be diverted and used for the payment of the maturities of the proposed bond issue because the revenue derived and to be derived therefrom must be applied to the payment of the maturities of the bonds heretofore issued in the sum of $1,910,000. The amendment prohibits any increase in the levy, and no other levy being available, the authority of the city to issue additional interest-bearing bonds has been exhausted.

The decree is reversed, and the cause is remanded with directions to enjoin appellees from issuing additional interest-bearing bonds to fund the debts of the city which accrued between October 7, 1924, and December 7, 1924.